```
                     UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:07-CR-00050 |
|  | : |  |
| v. | : | **OPINION AND ORDER** |
|  | : |  |
| JEROME MITCHELL | : |  |

This matter is before the Court on Defendant's Motion to Suppress Evidence (doc. 28), and the United States' Response (doc. 31). The Court held a hearing on this motion on September 18, 2007. For the reasons stated herein, as well as those articulated by the Court at the hearing, the Court DENIES Defendant's Motion.

**I. Background**

On February 1, 2007, police officers received information that Defendant was storing and selling crack cocaine at 2631 Stanton Avenue (Id.). While the residence was under surveillance on February 3, 2007, police stopped an individual, Avian White, after he exited the house, and found "wet" crack cocaine in his car (Id.). Police later observed Defendant exit the Stanton residence, lock the door, and get into a car as a passenger (Id.). That car was stopped for a traffic violation, Defendant was ordered out of the vehicle and patted down, at which time officers discovered over $3,000 in cash and keys to the Stanton residence on Defendant's person (Id). An officer informed Defendant of his Miranda rights

at the stop and asked questions about Defendant's residence and knowledge of the Stanton property (Id.). A search warrant of 2631 Stanton Avenue was obtained, executed, and various items including ammunition, cocaine, and crack cocaine were recovered (Id.).

Defendant now seeks an order to suppress all evidence seized as a result of the search of the Stanton residence, as well as all evidence and statements resulting from the traffic stop of Defendant (doc. 28). Defendant argues that the search warrant was unsupported by probable cause because it fails to address the reliability of the informant, and is vague and general, using only boilerplate language (Id.). Further, Defendant argues that officers did not have reasonable suspicion of illegal activity to stop and briefly detain Defendant after the completion of the initial traffic stop (Id.). Finally, Defendant states that he was questioned at the scene without being read his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966), and was questioned after he requested counsel (Id.).

The government refutes Defendant's arguments and additionally contends that Defendant lacks standing to object to the search of the Stanton residence (doc. 31).

**II. Discussion**

Having reviewed this motion, the Court does not find Defendant's arguments well-taken. First, the Court agrees with the government that given the facts properly before the Court,

2

Defendant has no standing to challenge the search warrant of the Stanton residence. For Defendant to claim the protection of the Fourth Amendment he must "demonstrate that he personally has an expectation of privacy in the place searched." Minnesota v. Carter, 525 U.S. 83, 88 (1998). When questioned by police officers during the traffic stop, Defendant denied any connection to the Stanton residence, and no witness or evidence was offered at the hearing to suggest otherwise (doc. 31).

However, even if Defendant has standing to challenge the search warrant, the Court finds the Affidavit in support of the search warrant application properly supported by probable cause. The Affidavit expressly addresses the issue of the reliability of the informant, stating that the informant had provided reliable information in the past (Id.). Further, the Affidavit presents the corroborating evidence of the crack cocaine found during the stop of Avian White, the activity observed during the surveillance of the Stanton residence, and the evidence recovered during the stop of Defendant (Id.). The Court finds the totality of the information contained in the Affidavit satisfies the probable cause requirement such that "a reasonably prudent person would be warranted in believing that an offense has been committed and that evidence thereof would be found on the premises to be searched." United States v. Beasase, 521 F.2d 1206 (6th Cir. 1975).

Finally, the Court finds that February 3, 2007 stop of

Defendant a legitimate stop.  The undisputed evidence and testimony presented to the Court is that the stop was pursuant to several traffic violations, and given the information known about Defendant and the ongoing investigation, the pat-down of Defendant was a reasonable intrusion under Terry v. Ohio, 392 U.S. 1, 25-26 (1968). Further, the undisputed evidence shows that during the stop Defendant was given a Miranda warning, and then only asked a moderate number of questions about his residence and relationship with the Stanton property.  For these reasons, the Court does not find suppression of the evidence and statements obtained from Defendant during the February 3, 2007 traffic stop warranted.

**III. Conclusion**

For the reasons stated herein, the Court DENIES Defendant's Motion to Suppress Evidence (doc. 28)


SO ORDERED.


Dated: September 18, 2007      /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

4